**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| ALEX EDWARD DURAN, | ) | NO. CV 13-9100-MMM(E) |
| Petitioner, | ) | |
| v. | ) | ORDER OF DISMISSAL |
| WARDEN PARAMO, | ) | |
| Respondent. | ) | |

On December 10, 2013, Petitioner filed a "Petition for Writ of Habeas Corpus By a Person in State Custody" ("the Petition"). The Petition challenges Petitioner's 1985 Los Angeles Superior Court conviction. Petitioner challenged this same conviction in a habeas petition filed in this Court in 2012. See Duran v. Daniel Paramo, Warden, CV 12-1842-MMM(E) ("the prior habeas action"). On September 21, 2012, the Magistrate Judge in the prior habeas action recommended denial and dismissal of the prior petition with prejudice as untimely. On November 7, 2012, the District Judge filed an order accepting and adopting this recommendation. On November 8, 2012, this Court entered Judgment in the prior habeas action, denying and

dismissing the petition with prejudice.

The Court must dismiss the present Petition in accordance with 28 U.S.C. section 2244(b) (as amended by the "Antiterrorism and Effective Death Penalty Act of 1996"). Section 2244(b) requires that a petitioner seeking to file a "second or successive" habeas petition first obtain authorization from the Court of Appeals. See Burton v. Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive authorization from Court of Appeals before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) ("the prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced"). A petition need not be repetitive to be "second or successive," within the meaning of 28 U.S.C. section 2244(b). See, e.g., Thompson v. Calderon, 151 F.3d 918, 920-21 (9th Cir.), cert. denied, 524 U.S. 965 (1998); Calbert v. Marshall, 2008 WL 649798, at *2-4 (C.D. Cal. Mar. 6, 2008). The dismissal of a habeas petition as barred by the statute of limitations "constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)." McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009). Petitioner evidently has not yet obtained authorization from the Ninth Circuit Court of Appeals. Consequently, this Court cannot entertain the present Petition. See Burton v. Stewart, 549 U.S. at 157.

///
///

For all of the foregoing reasons, the Petition is denied and dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: January 14, 2014

_____/s/ Margaret M. Morrow_____
MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE

PRESENTED this 13th day of December, 2013, by:

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

3